IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

BEVERLY WILLIAMS )
)
      Plaintiff )
)
v. )
) **COMPLAINT**
BIOMET, INC. d/b/a ZIMMER BIOMET, )
ZIMMER BIOMET DISTRIBUTION LLC, )
ZIMMER BIOMET HOLDINGS, INC., )
BIOMET ORTHOPEDICS, LLC, BIOMET )
U.S. RECONSTRUCTION, LLC, and )
ENCORE MEDICAL, L.P. )
)
      Defendants )

Plaintiff alleges the following against Defendants:

## PARTIES

1. At all times relevant to the allegations in this Complaint Plaintiff was a citizen and resident of North Carolina. Plaintiff currently is a resident of Louisiana.

2. Upon information and belief, Defendant Biomet, Inc. d/b/a Zimmer Biomet is an Indiana company with a registered office and agent in Indianapolis, Indiana and has its principal place of business in Warsaw, Indiana.

3. Defendant Zimmer Biomet Distribution LLC is a Delaware Company with a registered office and agent in Indianapolis, Indiana and has its principal place of business in Warsaw, Indiana.

4. Defendant Zimmer Biomet Holdings, Inc. is a Delaware Company with a registered office and agent in Indianapolis, Indiana and has its principal place of business in Warsaw, Indiana.

5. Defendant Biomet Orthopedics, LLC is an Indiana company with a registered office and agent in Indianapolis, Indiana and has its principal place of business in Warsaw, Indiana.

6. Defendant Biomet Orthopedics LLC specializes in orthopedic surgery products like bone cement and offers information and training and/or educational programs for surgeons.

7. Biomet U.S. Reconstruction, LLC is an Indiana company with a registered office and agent in Indianapolis, Indiana and has its principal place of business in Warsaw, Indiana.

8. Defendants sold part of Biomet Cobalt™ Bone Cement to Encore Medical, L.P. on or about June 24, 2015. https://www.djoglobal.com/investors/press-releases/djoglobal-signs-definitive-agreement-acquire-certain-assets-zimmer-and

9. Encore Medical L.P. is a Delaware partnership with a principal office in Austin, Texas and a registered office and agent in Dallas, Texas. It is a subsidiary of DJO Global.

10. Upon information and belief, all Defendants designed, manufactured, distributed, and sold reconstructive products for orthopedic surgery including cement such as Biomet Cobalt™ Bone Cement after June 14, 2015.

11. All Defendants regularly conduct affairs and business activities in the State of North Carolina and at all times relevant to this Complaint, Defendants' Biomet Cobalt™ Bone Cement was marketed, advertised, distributed, sold and/or consumed across the State of North Carolina.

12. Upon information and belief, after June 24, 2015, all Defendants were at all times relevant to the allegations herein in the business of, among other things, designing, testing, manufacturing, assembling, inspecting, producing, selling, distributing, marketing and/or supplying patients and their surgeons with Biomet Cobalt™ Bone Cement.

13. All Defendants have been properly served with the summons and Complaint in this matter and there are no outstanding issues of process, service of process, or jurisdiction.
14. This Court has personal jurisdiction over this matter as all Defendants are/were engaged in substantial activity within this State.
15. This Court has subject matter jurisdiction over this action in that the alleged claims arose under the substantive law of North Carolina.
16. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.
17. All Defendants have been given proper notice as required under the laws of the State of North Carolina.

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates all previous paragraphs by reference.
19. When individuals undergo orthopedic implant procedures, such as joint replacements, Biomet Cobalt™ Bone Cement can be used to bond the prothesis to the remaining bone during joint replacement procedures.
20. In September of 2014, Plaintiff underwent an initial knee replacement for her left knee.
21. On or about November 8, 2018, Plaintiff had to undergo a total revision of her 2014 Knee Replacement (herein "2018 knee replacement"). Upon information and belief, Biomet Cobalt™ Bone Cement (alternatively herein "Subject Cement") was used during Plaintiff's 2018 knee replacement.
22. Upon information and belief, due to the manufacturing and/or design flaws in the Subject Cement used during Plaintiff's 2018 knee replacement, the Subject Cement did not bond the knee prothesis to Plaintiff's bone.

23. Upon information and belief, a Class 2 Device Recall for "Cobalt HV (High Viscosity) Cement" with Gentamicin was initiated by Biomet Orthopedics and Encore Medical, LP on June 26, 2017 (herein "2017 Recall")  See: https://www.djoglobal.com/investors/press-releases/djoglobal-signs-definitive-agreement-acquire-certain-assets-zimmer-and

24. Upon information and belief, the reason for the 2017 recall was due a production flaw that resulted in the loss of the seal on the sterile Tyvek packaging which could cause the bone cement to form poor bonds resulting in implant loosening such that it would fail.

25. The Subject Cement used during Plaintiff's 2018 knee replacement also resulted in the Subject Cement forming a poor bond to the prosthetic.

26. Upon information and belief Plaintiff's surgeon used the Subject Cement as instructed, without any deviation from any instructions during the 2018 Knee Replacement.

27. At all times relevant to this Complaint, the Subject Cement used by Plaintiff's surgeon during Plaintiff's 2018 knee replacement was being used in an intended, expected, and foreseeable manner and for a foreseeable purpose and had not been altered, tampered with, or modified by Plaintiff or her surgeon in any way.

28. Plaintiff was a foreseeable consumer of the Biomet Cobalt™ Bone Cement used during her 2018 Knee Replacement procedure.

29. As a direct and proximate result of the Subject Cement's failure to bond the hardware to her knee after the 2018 knee replacement, Plaintiff had to undergo an additional revision surgery on July 7, 2020.

30. It was during the July 7, 2020 revision surgery that the surgeon noted that "the entirety of the cobalt cement mantle was intact without cement attachment to underside of the tibial baseplate" of the prothesis implanted during the 2018 knee replacement.

31. This Complaint is filed within twelve (12) years of the date of initial purchase for use or consumption of the Biomet Cobalt™ Bone Cement used during her 2018 knee replacement.

## FIRST CLAIM:
## NEGLIGENCE - MANUFACTURING AND DESIGN DEFECT

32. Plaintiff incorporates all previous paragraphs by reference.

33. At all times relevant to this Complaint, Defendants had a duty to use reasonable care in manufacturing, producing, testing, formulating, supplying, marketing, selling, and/or distributing the Subject Cement used during Plaintiff's 2018 knee replacement.

34. Defendants were negligent in that they:

   a. Designed, formulated, tested and/or failed to test, produced, manufactured, or caused to be manufactured, marketed, distributed, sold or placed into the stream of commerce for sale to the general public the Subject Cement used in Plaintiff's 2018 knee replacement was in such a condition that it created an unreasonable risk of harm to consumers, specifically including Plaintiff;

   b. Designed, formulated, tested and/or failed to test, produced, manufactured, or caused to be manufactured, marketed, distributed, sold, or placed into the stream of commerce for sale to the general public the Subject Cement used in Plaintiff's 2018 knee replacement was in such a condition that it could not be used safely for its intended, expected, and foreseeable purpose;

   c. Designed, formulated, tested and/or failed to test, produced, manufactured, or caused to be manufactured, marketed, distributed, sold, or placed into the stream of commerce for sale to the general public the Biomet Cobalt™ Bone Cement used

during Plaintiff's 2018 knee replacement for use by unsuspecting consumers, specifically including Plaintiff; and

d. In other ways to be established during discovery or at trial.

35. The actions or failures to act of Defendants, as alleged herein, occurred by and through their agents, principals, officers, employees, and/or representatives acting within the course and scope of their employment, actual agency, and/or apparent agency.

36. As a direct and proximate result of the negligence of Defendants as alleged above, Plaintiff suffered severe, painful, and permanent injuries and disfigurement and has incurred related medical and other expenses.

## SECOND CLAIM:
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37. Plaintiff incorporates all previous paragraphs by reference.

38. At all times relevant to this Complaint, Defendants impliedly warranted and represented to consumers, including Plaintiff, that the Subject Cement used during Plaintiff's 2018 knee replacement was reasonably fit and safe for its foreseeable and intended uses and that the Subject Cement was of merchantable quality and reasonably safe.

39. Plaintiff relied upon the skill, judgment, and implied warranties of Defendants when her surgeon purchased and utilized the Subject Cement used during Plaintiff's 2018 knee replacement.

40. The Subject Cement used during Plaintiff's 2018 knee replacement was not of merchantable quality, but was instead defective in formulation, production, manufacture, and/or designated use and was unreasonably dangerous and not fit for its foreseeable, intended, and anticipated uses, in that the Subject Cement used during Plaintiff's 2018

knee replacement posed a threat to the health and safety of its consumers, specifically including Plaintiff.

41. The Subject Cement used during Plaintiff's 2018 knee replacement was dangerously defective and such defects breached the implied warranties given by Defendants to the actual, potential, and/or foreseeable consumers and users of the Subject Cement, specifically including Plaintiff, said breach including a breach of the implied warranty of merchantability.

42. As a direct and proximate result of the breach of implied warranties as alleged above, Plaintiff suffered severe, painful, and permanent injuries and disfigurement and has incurred medical and other expenses as a result of these injuries.

### PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF FACT SO TRIABLE

WHEREFORE, Plaintiff prays that she have and recover from Defendants Biomet, Inc. d/b/a Zimmer Biomet, Zimmer Biomet Distribution LLC, Zimmer Biomet Holdings, Inc., Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, and Encore Medical L.P., jointly and severally, as follows:

1. Actual damages in an amount to be determined by a jury, and under Rule 8(a) of the North Carolina Rules of Civil Procedure, an amount in excess of Twenty-Five Thousand Dollars;
2. The costs of this action, including attorney fees as allowed by law;
3. Interest as allowed by law; and
4. Any other relief which the Court deems equitable and proper.

This the 1st day of July, 2025.

                                  **LANIER LAW GROUP, P.A.**

                                  /s/ Robert O. Jenkins
                                  Robert O. Jenkins
                                  NC State Bar No. 19102
                                  Griffin C. Kish
                                  NC State Bar No. 61788
                                  6518 Airport Center Drive
                                  Greensboro, NC 27409
                                  Tel: 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
                                  rjenkins@lanierlawgroup.com
                                  gkish@lanierlawgroup.com

                                  *Attorneys for Plaintiff*